IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DELANO J. WILLIAMS,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-1813** |
| | : | |
| **KYLE RUSSELL,** *et al.*, | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 4th day of August, 2021, upon consideration of Plaintiff Delano J. Williams's Amended Complaint (ECF No. 10), it is **ORDERED** that:

1. The Amended Complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) for the reasons stated in the Court's Memorandum as follows:

    a. Williams's claims against the Lehigh County Prison are **DISMISSED WITH PREJUDICE**, and

    b. Williams's remaining claims are **DISMISSED WITHOUT PREJUDICE** to amendment in accordance with paragraph two (2) of this Order.

2. Williams may file a second amended complaint within thirty (30) days of the date of this Order as to those claims the Court has dismissed without prejudice. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Williams's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint or other papers filed in this case to state a claim. When drafting his second amended complaint, Williams should be mindful of the Court's reasons for dismissing the claims in his initial Complaint and

Amended Complaint as explained in the Court's Memoranda.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

    3.       The Clerk of Court is **DIRECTED** to send Williams a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Williams may use this form to file his amended complaint if he chooses to do so.[1]

    4.       If Williams does not wish to amend and instead intends to stand on his Amended Complaint as pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

    5.       If Williams fails to file any response to this Order, the Court will conclude that

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

Williams intends to stand on his Amended Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).