## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DELANO J. WILLIAMS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-1813** |
| | : | |
| **KYLE RUSSELL,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**KENNEY, J.**                                                            **OCTOBER 13, 2021**

Currently before the Court is a Second Amended Complaint ("SAC") filed by Plaintiff Delano J. Williams, pursuant to 42 U.S.C. § 1983, raising constitutional claims based on conditions he experienced while he was previously confined at the Lehigh County Jail ("LCJ"). Williams also moved for appointment of counsel. For the following reasons, the Court will dismiss Williams's SAC pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim, and deny his request for counsel.

### I.       FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Williams's initial Complaint named the following Defendants in their individual and official capacities: (1) Kyle Russell, Warden of LCJ; (2) Robert McFadden, identified as Deputy Warden for Security; (3) Steven Miller, identified as Deputy Warden for Treatment; and (4) a Jane Doe/John Doe "Medical Supervisor/Manager." (ECF No. 2 at 2-3.)[1] Williams alleged that he injured his eye while using a desk to ascend to a top bunk bed that lacked a ladder, and that he did not receive follow up treatment for his injury as ordered by the eye doctor. The Court

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

construed the Complaint as raising constitutional claims for unconstitutional punishment and deliberate indifference to medical needs.

In a May 27, 2021 Memorandum and Order, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A(b) and dismissed it for failure to state a claim.  (ECF Nos. 6 & 7.)  First, the Court dismissed all claims against the Defendants in their official capacities because Williams failed to allege that the claimed constitutional violations stemmed from a municipal policy or custom.  (ECF No. 6 at 4-5.)  Next, the Court concluded that Williams could not state a claim based on the absence of ladders for ascending to the top bunk bed, which he indicated was the cause of his fall, because that condition at most amounted to negligence and did not support a plausible constitutional claim.  (*Id.* at 6.)  Finally, the Court concluded that Williams failed to state a claim for deliberate indifference to his serious medical needs because he failed to allege facts showing that "any of the named Defendants acted with deliberate indifference or were personally involved in the denial, delay, or prevention of follow up care that was ordered by the doctor."  (*Id.* at 8.)

Williams was given leave to file an amended complaint and was granted an extension of time in which to do so.  (ECF Nos. 7 & 9.)  He filed an Amended Complaint naming the following Defendants:  (1) Warden Kyle Russell; (2) Lehigh County Prison; (3) Unknown Facility Safety Manager; and (4) Unknown Medical Supervisor/Contractor.  (ECF No. 10 at 1-3.)  As with his initial Complaint, Williams claimed that his constitutional rights were violated when he injured his eye while attempting to access a top bunk bed that did not have a ladder, and when he was denied adequate treatment for his injuries.

In an August 4, 2021 Memorandum and Order, the Court screened and dismissed the Amended Complaint "for essentially the same reasons" it dismissed the claims in Williams's

initial Complaint.  (ECF No. 11 at 5.)  First, the Court informed Williams that the Lehigh County

Prison was not a proper defendant subject to suit under § 1983 and dismissed the claims against

it with prejudice.  (*Id.*)  Second, the Court concluded that, to the extent Williams sued the

Defendants in their official capacities, those claims failed because he did not allege that a

municipal policy or custom caused the claimed constitutional violations other than in a

conclusory fashion.  (*Id.* at 5-6.)  Third, the Court explained that the absence of ladders or other

mechanism that could be used to ascend to the top bunk bed is not an objectively serious

condition that translates into a constitutional violation.  (*Id.* at 7-9.)  Fourth, the Court concluded

that although Williams had alleged a serious medical need, his allegations did not support a

plausible inference that any of the named Defendants acted with deliberate indifference to that

need or "were personally involved in the denial, delay, or prevention of follow up care that was

ordered by the doctor."  (*Id.* at 10.)  The Court gave Williams "one more opportunity to amend"

in the event he could state a plausible claim.  (*Id.*)

      Williams returned with his SAC, which was unsigned, naming the following Defendants:

(1) Lehigh County Prison; (2) Kyle Russell "in his official capacity as Warden"; and (3) a John

Doe "Medical Services Supervisor" who appears to have been named in his official capacity.

(ECF No. 13 at 2-4.)  His allegations are similar to those in his prior pleadings.  Williams alleges

that the events giving rise to his claims occurred from November 24, 2019 through December 9,

2019 when he was a pretrial detainee at the Lehigh County Prison.  (*Id.* at 5.)  He claims that he

slipped and fell while attempting to ascend to the top bunk bed, which lacked a ladder or guard

rail, and split his eye on the corner of the steel bed frame.  (*Id.* at 5-6.)  Although the Court had

directed Williams that, in filing his SAC, he should not "rely on the initial Complaint, Amended

Complaint or other papers filed in this case to state a claim" (ECF No. 12 at 1), the SAC directs

the Court to the "original civil complaint" for the "exact claims" and "all facts." (ECF No. 13 at 6.)

The facts in the initial Complaint, to which Williams referred in the SAC, are as follows:

Williams alleges that he was "climbing up to the top bunk[ ] that had no ladder[,] forcing [him] to step on the desk and pull [himself] up with no hand rail to assist [him]." (*Id.* at 5.) During this effort, Williams slipped and fell, causing him to split his eyebrow, eyelid, the area below the lower eyelid and upper cheek, and to bruise his cornea. (*Id.*) He also experienced a severe headache. (*Id.*)

Williams alleges that "prison staff" took him to the hospital and to an "eye treatment specialist." (*Id.* at 8.) He received eight to ten stitches. (*Id.* at 5.) Williams claims that he "was subjected to great pain during/after the eye specialist examined/treated [his] severe eye injuries." (*Id.*) He also contends that "medical staff/security staff was fully aware of [his] injury" but "refused/neglected all follow up treatment ordered by professional hospital doctor(s) & eye specialist" due to deliberate indifference and/or a "campaign of harassment." (*Id.* at 8.) He does not elaborate on those allegations. Williams still suffers from "severe pain in [his] eye/face," his eye gets "blurry," and he "get[s] minor headache from light sensitivity." (*Id.* at 5.)

*Williams v. Russell*, Civ. A. No. 21-1813, 2021 WL 2156409, at *1 (E.D. Pa. May 27, 2021) (citations omitted). Williams seeks compensatory and punitive damages. (ECF No. 13 at 6.)

Since Williams failed to sign his SAC in accordance with Federal Rule of Civil Procedure 11, the Court directed the Clerk to return the pleading to Williams so that he could sign it and return it to the Court. (ECF No. 14.) Around the same time, the Court received an additional filing from Williams titled "Plaintiff's Additional Supporting Factors in Support of Federal Civil Right[s] Lawsuit Pursuant to, 42 U.S.C. § 1983." (ECF No. 15.) Williams indicated that he sought for the facts articulated in the submission to be "incorporated" into his SAC. (*Id.* at 1.)

Many of the facts alleged in this submission are the same those alleged above, *i.e.*, that Williams was assigned to a cell that did not have a ladder he could use to ascend to the top bunk (a condition he describes as "dangerous"), that Williams split his eye while attempting to ascend

to the top bunk using a desk, and that Williams sustained serious injuries to his eye and the

surrounding area that continue to affect him to this day.  (*Id.* at 2-3.)  Williams notes that he

received eight to ten stitches and was examined by the eye specialist, but that he was denied

adequate medical care because the "medication prescribed was determined to be the wrong

medicine."  (*Id.* at 3.)  He also avers that he was prevented him from grieving the matter and that

prison security staff who transported him to the hospital were aware of the seriousness of his

injuries.  (*Id.*)

Williams subsequently filed a "Request for Court Appointed Attorney."  (ECF No. 16.)

He also signed and returned his SAC.  (ECF No. 17.)  Accordingly, the Court will screen the

SAC at this time.[2]

## II.     STANDARD OF REVIEW

Williams paid the filing fee for this case.  Nonetheless, § 1915A requires that the Court

"review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a

complaint in a civil action in which a prisoner seeks redress from a governmental entity or

officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In doing so, the Court

must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a

claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from

a defendant who is immune from such relief," *id.* § 1915A(b)(2).

---

[2] Although the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings, since
Williams is proceeding *pro se*, the Court will consider the allegations in the SAC, including
those incorporated by reference, and the allegations in "Plaintiff's Additional Supporting Factors
in Support of Federal Civil Right[s] Lawsuit Pursuant to, 42 U.S.C. § 1983."  In other words, the
Court will construe the claims as liberally as possible to determine whether Williams has alleged
a basis for proceeding.

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Accordingly, the Court must determine whether the SAC contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Williams is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013))..

## III.   DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  To be liable in a civil rights action "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs."  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'"  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode*, 845 F.2d at 1207).

The Court construes Williams's submissions as raising claims under the Fourteenth Amendment based on the absence of a safety mechanism from the top bunk bed and for deliberate indifference to his serious medical needs.[3]  These claims fail as pled for essentially the same reasons Williams's claims in his initial Complaint and Amended Complaint failed.

### A.   Claims Against the Lehigh County Prison

Williams has named the Lehigh County Prison as a Defendant.  However, county jails are not "persons" that are "subject to suit under federal civil rights laws."  *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010).  Accordingly, any claims against the Lehigh County Prison will be dismissed.

### B.   Failure to Allege a Basis For Municipal Liability

Williams has also failed to state a claim against the Defendants in their official capacities. Official capacity claims are indistinguishable from claims against the entity that employs the officials.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against

---

[3] Since Williams was a pretrial detainee at the time of the relevant events, the Fourteenth Amendment governs his claims.  *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).  To the extent the SAC refers to the Eighth Amendment, it is inapplicable here.  Additionally, if Williams intended to pursue claims based on allegations that he was prevented from submitting grievances, those claims fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam).

the entity." *Id.*  Accordingly, Williams's official capacity claims against employees and officials of the LCJ are essentially claims against the employing municipality, Lehigh County.

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.  *See Monell*, 436 U.S. at 694.  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was."  *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).  "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'"  *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).  "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'"  *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).  For a custom to be the proximate cause of an injury, a plaintiff must allege facts showing that the municipality "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury."  *Id.* (internal quotations and alterations omitted).  A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected."  *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

Nothing in the SAC and related submissions alleges that the conditions or conduct of which Williams complains was the result of a municipal policy or custom.  Accordingly, Williams has failed to state plausible claims against the Defendants in their official capacity.  In

any event, Williams has failed to allege an underlying constitutional violation, as explained below.[4]

### C.   Failure to Allege a Constitutional Violation Based on the Bunk Bed

Williams is pursuing claims based on the absence of ladders for ascending to the top bunk bed, which he indicates was the cause of his fall.  The legal concepts governing these claims are the same as those articulated in the Court's prior Memoranda.  To establish a basis for a Fourteenth Amendment violation, a prisoner must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979).  "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007).  "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted).

"[A] 'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) (quoting *Stevenson*, 495 F.3d at 68); *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017).  In general, to satisfy the subjective component of the analysis in this Circuit, a prisoner must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *see*

---

[4] Even if the SAC is construed liberally to raise claims against the individual Defendants in their individual capacities, the failure to allege an underlying constitutional violation is fatal to those claims.

*also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must

both be aware of facts from which the inference could be drawn that a substantial harm exists,

and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994));

*cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e

agree with the District Court and find no reason to apply a different standard here as we have

applied the 'deliberate indifference' standard both in cases involving prisoners and

pretrial detainees." (internal citations omitted)); *Coleman v. Hodges*, Civ. A. No. 18-1152, 2018

WL 6618459, at *5 (W.D. Pa. Nov. 30, 2018), *report and recommendation adopted*, 2018 WL

6618408 (W.D. Pa. Dec. 18, 2018) ("[T]he minimal scienter requirement under a Fourteenth

Amendment conditions of confinement claim appears to be deliberate indifference").

     Courts faced with claims similar to Williams's have held that the general absence of a

ladder or other safety mechanism for the top bunk in a prison cell at most suggests negligence

and does not give rise to a constitutional claim.  *See Tindell v. City of Philadelphia*, Civ. A. No.

17-907, 2017 WL 3028598, at *2 (E.D. Pa. July 14, 2017) (citations omitted).[5]  Additionally, as

---

[5] *See also, e.g.*, *Mikell v. Harry*, Civ. A. No. 16-2254, 2018 WL 501000, at *5 (M.D. Pa. Jan. 22, 2018) ("Courts have held that the absence of a safety mechanism on the top bunk in a prison cell, or the lack of a bunk bed ladder, at most suggests negligence and does not give rise to a constitutional claim as it does not rise to the level of deliberate indifference."); *Vercusky v. Purdue*, Civ. A. No. 15-2461, 2016 WL 7330589, at *3 (M.D. Pa. Dec. 16, 2016) ("This Court similarly concludes that Plaintiffs allegation that the prison Warden failed to install ladders for access to the top bunks in the SHU at FCI-Schuylkill does not amount to a cognizable constitutional violation."); *Tutora v. Sweeney*, Civ. A. No. 14-4458, 2014 WL 7059086, at *2 (E.D. Pa. Dec. 15, 2014) ("[T]he absence of a ladder or railing from the top bunk does not create an objectively serious condition threatening inmate safety or reflect deliberate indifference on behalf of prison officials."); *Williams v. Corizon*, Civ. A. No. 12-2412, 2013 WL 4787223, at *15 (E.D. Pa. Sept. 9, 2013) ("To the extent that Plaintiff attempts to argue that Defendant City of Philadelphia is liable because they did not have ladders for all the bunk beds, such argument fails, since that is, at most, negligence, which does not demonstrate the requisite culpability for liability to attach."); *Walker v. Walsh*, Civ. A. No. 11-1750, 2012 WL 314883, at *5 (M.D. Pa. Feb. 1, 2012) ("[F]ailing to install safety rails on an upper bunk of a set of bunk beds that is to be exclusively utilized by adults does not constitute a condition which would pose an unreasonable

with the initial Complaint and Amended Complaint, nothing in the SAC or related submissions suggests that any of the Defendants acted with deliberate indifference to Williams's health or safety in connection with the condition of the bunk bed and the absence of a ladder. Accordingly, Williams has not stated a constitutional claim based on the absence of ladders to use for ascending to the top bunk bed in his cell.

### D.  Failure to Allege Deliberate Indifference to Medical Needs

Williams also pursues claims for deliberate indifference to his serious medical needs. The legal concepts governing these claims are also the same as those articulated in the Court's prior Memoranda.  To state a claim in the context of medical care, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.  *See Farmer*, 511 U.S. at 835.  "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).  Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  Allegations of medical

---

risk of future injury." (internal quotation marks omitted)); *Pumphrey v. Smith*, Civ. A. No. 09-233, 2010 WL 4983675, at *4 (W.D. Pa. Dec. 2, 2010) ("The lack of a bunk ladder in a prison cell does not meet the stringent requirements of deliberate indifference."); *see also Franco-Calzada v. United States*, 375 F. App'x 217, 218-19 (3d Cir. 2010) (per curiam) (dismissing appeal as frivolous when plaintiff's constitutional claims rested on allegations that he fell from a faulty ladder attached to his top bunk, which defendants knew or should have known to be unsafe because at least two other inmates had fallen).

malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Additionally, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with . . . deliberate indifference." *Id.* at 236.

Williams has alleged a serious medical need for purposes of statutory screening. However, he has not alleged that any of the named Defendants or any other prison official acted with deliberate indifference or were personally involved in the denial, delay, or prevention of follow up care that was ordered by the doctor.  Williams does not describe what additional medical care was required, the timing or circumstances of the alleged delay or denial of care, and what role each Defendant played in those events.  His primary allegation on this point is that medication prescribed to him "was determined to be the wrong medicine."  (ECF No. 15 at 3.) This allegation is consistent with negligence, does not reflect deliberate indifference, and is not meaningfully tied to any of the named Defendants.  In sum, Williams has not stated a claim against the Defendants for deliberate indifference to his serious medical needs.

IV.    **CONCLUSION**

For the foregoing reasons, the Court will dismiss Williams's SAC for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).  The Court concludes that further attempts at amendment would be futile, so the dismissal will be with prejudice.  *See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* prisoner would be futile when prisoner "already had two chances to tell his story"). Additionally, since Williams has not alleged a basis for proceeding, the Court will deny his request for counsel.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining

whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).  An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

/s/ Chad F. Kenney

CHAD F. KENNEY, J.